IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

HOWARD LEE JUSTICE, JR.,

    Plaintiff,

v.                                                 Case No. 2:19-cv-00567

WEST VIRGINIA DEPARTMENT
OF CORRECTIONS,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDATION**

    This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court for initial screening is Plaintiff's Complaint (ECF No. 2).

*I.    STANDARD OF REVIEW*

    Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A similar screening is conducted of complaints filed by a plaintiff who is proceeding *in forma pauperis*, as Plaintiff is here.

    Pro se complaints, such as this, are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.

However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id*. at 555.

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id*. at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id*. Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id*. "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted); *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016).

Because Plaintiff's complaint fails to state a claim upon which relief can be granted, the defendant has not been served with process and should not be required to appear or defend this matter.

## II. ALLEGATIONS IN COMPLAINT

Plaintiff's Complaint alleges that, in September of 2017, while he was incarcerated at the Huttonsville Correctional Center ("HCC"), in Huttonsville, West Virginia, he suffered a seizure and, in the course thereof, bit an unidentified correctional officer. (ECF No. 2 at 4-5).[1] Plaintiff further contends that he was taken to Charleston Area Medical Center for treatment and, upon release from the hospital, was transferred to the Mount Olive Correctional Complex ("MOCC"). (*Id*. at 5). Once at MOCC, Plaintiff was charged

---

[1] Plaintiff's complaint also appears to name the John Doe Correctional Officer at HCC as a defendant. (ECF No. 2 at 2). However, the complaint contains no specific factual allegations beyond stating that Plaintiff allegedly bit the correctional officer during his seizure.

3

with a disciplinary violation allegedly stemming from the bite incident, was allegedly found guilty of the violation, and was sanctioned with a loss of 286 days of good conduct time ("GCT"). (*Id.* The instant complaint seeks the restoration of the 286 days of GCT and $46,000 in damages. (*Id.*)

### III. ANALYSIS

There are several reasons that the plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted, each of which will be addressed herein.

    A. *Plaintiff's request for restoration of his GCT must be addressed in a petition for a writ of habeas corpus.*

Plaintiff's claim that his prison disciplinary proceeding and sanction of loss of GCT was improper must be addressed through a habeas corpus petition and he must first address that claim in the state courts. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) (habeas corpus is the exclusive federal remedy available to a state prisoner who challenges the fact or duration of his confinement and seeks as relief his immediate or speedier release). Accordingly, to the extent that Plaintiff seeks the restoration of his GCT, which would shorten his term of imprisonment, he must pursue such relief through a habeas corpus petition and must exhaust the available remedies in the state court before this federal court could review his claim.[2] Therefore, his instant complaint is not cognizable under § 1983.

---

[2] At the time he filed his complaint, Plaintiff was incarcerated at the South Central Regional Jail in Charleston, West Virginia. However, it is unclear whether Plaintiff had been released from custody between the time of the disciplinary proceeding in 2017 and when he filed the instant complaint or whether he was serving the same sentence. Nonetheless, the question of whether Plaintiff was "in custody" for the purpose of challenging his GCT sanction at that time and the propriety of habeas corpus relief under those circumstances is not presently before this court. *See Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) (a habeas petitioner must be "in custody" under the conviction or sentence under attack at the time his petition is filed).

B.   *Plaintiff's damages claim is presently barred.*

In *Heck v. Humphrey*, 512 U.S. 477, 786-87 (1994), the Supreme Court held that, in order to recover damages for an unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff suing under 42 U.S.C. § 1983 must prove that the allegedly invalid conviction or sentence must have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*'s limitations also apply to claims involving prison disciplinary sanctions. An inmate's § 1983 action for injunctive relief or damages based on allegedly defective prison disciplinary proceedings "is barred . . . if success in that action would necessarily demonstrate the invalidity of [that prisoner's] confinement or its duration," unless the prisoner also proves that the challenged disciplinary conviction has already been expunged or otherwise invalidated. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (interpreting the holding in *Heck*); *see also Edwards v. Balisok*, 520 U.S. 641, 647-48 (1997) (applying *Heck* to § 1983 claim seeking restoration of good conduct time forfeited as penalty for prison disciplinary conviction). Thus, where, as here, a prisoner's § 1983 claim about a disciplinary conviction, if successful, could change the length of his confinement through the restoration of forfeited GCT, the claim is barred under *Heck*, unless and until the prisoner can establish that the conviction no longer stands, and he cannot use the § 1983 complaint itself to invalidate the disciplinary conviction. *See, e.g., Howard v. Hostetter*, No. 7:17-cv-00305, 2018 WL 3999735, at *2 (W.D. Va. Aug. 21,

5

Case 2:19-cv-00567   Document 7   Filed 03/08/22   Page 6 of 7 PageID #: 31

2018) (dismissing § 1983 complaint seeking relief from prison disciplinary sanction of forfeited good time credit under *Heck*).

In the instant case, Plaintiff seeks monetary damages resulting from an allegedly improper prison disciplinary proceeding and sanction of lost GCT.  However, he has not demonstrated that his prison disciplinary sanction has been invalidated.  Therefore, because Plaintiff's complaint seeks damages in a section 1983 suit and, because it appears that his allegations bear on the length of his term of imprisonment, he may not seek damages under section 1983 unless and until he can show that his disciplinary sanction has been invalidated.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's complaint fails to state a cognizable claim and his request for monetary damages is barred under *Heck*.

## IV.     RECOMMENDATION

For the reasons stated herein, Plaintiff's challenge to his disciplinary sanction and request for restoration of his GCT is not cognizable under § 1983 and he is not entitled to pursue a claim for damages under § 1983, unless and until his disciplinary sanction has been reversed or otherwise called into doubt.  Therefore, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's complaint fails to state a claim upon which relief can be granted.  It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Plaintiff's complaint (ECF No. 2), pursuant to the provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall

6

have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff at the McDowell County Corrections/Stevens Correctional Center, where he now appears to be incarcerated.

<u>March 8, 2022</u>

Dwane L. Tinsley
United States Magistrate Judge