**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

HOWARD LEE JUSTICE, JR.,

        Plaintiff,

v.                             CIVIL ACTION NO.   2:19-cv-00567

WEST VIRGINIA DEPARTMENT OF CORRECTIONS,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff Howard Lee Justice, Jr.'s ("Plaintiff" or "Justice") Complaint, (ECF No. 2), and Motion for Continuance, (ECF No. 9).   By standing order entered on January 4, 2016, and filed in this case on September 19, 2019, (ECF No. 3), this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R").   Magistrate Judge Tinsley entered his PF&R on March 8, 2022, recommending this Court find that Plaintiff's Complaint fails to state a claim upon which relief can be granted and dismiss Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B).   (ECF No. 7.)   Specifically, Magistrate Judge Tinsley recommends that this Court find that Plaintiff's request for restoration of good conduct time ("GCT") must be addressed in a petition for writ of habeas corpus only after exhausting all available remedies in state court because such relief would shorten Plaintiff's term of imprisonment.   Further, Magistrate Judge Tinsley recommends that this Court find that Plaintiff's request for monetary damages is barred under the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994) insofar as he

has not yet established that his underlying conviction no longer stands, and because he cannot use 42 U.S.C. § 1983 to invalidate his disciplinary conviction.

On March 24, 2022, Plaintiff filed a document captioned "Proposed Findings," which purports to be a responsive memorandum to Magistrate Judge Tinsley's PF&R.   Accordingly, the Court will construe Plaintiff's "Proposed Findings" as a timely objection to Magistrate Judge Tinsley's PF&R.   (ECF No. 8.)   However, for the reasons discussed more fully herein, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the PF&R, (ECF No. 7), **DISMISSES** Plaintiff's Complaint, (ECF No. 2), and **DENIES** Plaintiff's Motion for Continuance, (ECF No. 9).

## I.   BACKGROUND

Plaintiff alleges that, while he was incarcerated at Huttonsville Correctional Center ("HCC"), he suffered a seizure and bit an unidentified correctional officer during the course thereof.   (ECF No. 2 at 5.)   Following his seizure, Plaintiff claims that he was transported to Charleston Area Medical Center ("CAMC") to be treated for injuries, and was thereafter transferred to the custody of Mt. Olive Correctional Center ("MOCC").   (*Id.*)   Plaintiff alleges that due to this incident, which he alleges occurred due to a medical condition out of his control, he had 286 days of good conduct time ("GCT") taken away from him.   (*Id.*)   In his Complaint, Plaintiff requests that this Court grant him the 286 days of GCT he lost due to the incident, as well as $46,000 for the lost GCT.   (*Id.*)

## II.   LEGAL STANDARD

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.   *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   Failure to file

timely objections constitutes a waiver of *de novo* review and a party's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## III.    DISCUSSION

Plaintiff argues that the magistrate judge's PF&R—which he appears to have misunderstood as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)—is untimely.  (ECF No. 8.)  Plaintiff points out that he is no longer serving his sentence during which his GCT was taken from him.[1]  (*Id.*)  Plaintiff does, however, request monetary damages for the loss of GCT resulting from him biting the unidentified correctional officer at HCC.  (*Id.*)

Plaintiff's objections, however, do not point the Court to any error in the magistrate judge's PF&R regarding his Complaint.  For instance, the magistrate judge concluded that, because Plaintiff's request for GCT would shorten his term of imprisonment, Plaintiff cannot seek restoration of his GCT through a claim under 42 U.S.C. § 1983, but must address such claims through a habeas corpus petition and must first address that claim in the state courts.  (ECF No. 7 at 4) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).  Plaintiff did not address this conclusion in his objection.

Further, the magistrate judge concluded that Plaintiff's claim for monetary damages is barred pursuant to the United States Supreme Court's decision in *Heck v. Humphrey*, which held

---

[1] Plaintiff is now incarcerated at Stevens Correctional Center ("SCC"), a facility operated by the McDowell County Commission that houses minimum to medium class inmates serving state sentences.

that in order to recover damages for an unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff suing under Section 1983 must prove that the allegedly invalid conviction or sentence must have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. 512 U.S. 477, 786–87 (1994). Further, the magistrate judge found that *Heck*'s limitations also apply to claims involving prison disciplinary sanctions. (ECF No. 7 at 5) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *Edwards v. Balisok*, 520 U.S. 641, 647–48 (1997)). Thus, because Plaintiff's claim, if successful, could change the length of his confinement through the restoration of forfeited GCT, the magistrate judge concluded that his claim for monetary damages is barred under *Heck*. (*Id.*) Just as Plaintiff failed to address the magistrate judge's first finding, he also failed to address, in any way, the magistrate judge's finding regarding his claim for monetary damages.

Accordingly, because Plaintiff's objection is general and conclusory, and does not direct the Court to any particular error in the magistrate judge's PF&R, the Court need not conduct a de novo review of the magistrate judge's findings and recommendations. Therefore, the Court **OVERRULES** Plaintiff's objection, (ECF No. 8), **ADOPTS** the PF&R, (ECF No. 7), and **DISMISSES** Plaintiff's Complaint, (ECF No. 2), pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

Plaintiff also filed a Motion for Continuance on April 4, 2022, nearly two weeks after filing his response to the magistrate judge's PF&R. (ECF No. 9.) Plaintiff's Motion for Continuance does not specify a duration for the continuance sought, but nevertheless asserts that he has made

4

attempts to utilize the law library at SCC, but that it is currently out of order. (*Id.*) Plaintiff claims that his inability to access the law library at SCC is prohibiting him from properly preparing for his case. (*Id.*) However, Plaintiff has had ample time to request a continuance in this case. Plaintiff filed the instant Complaint on September 5, 2019. The magistrate judge filed his PF&R on March 8, 2022. Rather than requesting a continuance following the magistrate judge's entry of the PF&R, Plaintiff filed a response to the PF&R, which has been addressed above. Accordingly, because Plaintiff was afforded ample time to request a continuance, but did not until April 4, 2022, Plaintiff has failed to demonstrate good cause to warrant a continuance in this case. Therefore, the Court **DENIES** Plaintiff's Motion for Continuance, (ECF No. 9).

      **IT IS SO ORDERED**.

      The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

           ENTER:     July 20, 2022

           THOMAS E. JOHNSTON, CHIEF JUDGE

5